**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-133-MOC-DCK**

| | |
|---|---|
| **CORDULA LUTZ, M.D.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| ) | |
| **CITY OF CHARLOTTE, Officer KIA** ) | |
| **MCKINNEY, Individually and Officially,** ) | |
| **Officer JANE DOE, Individually and Officially,** ) | |
| **Officer JOHN DOE, Individually and Officially,** ) | |
| **DLS EVENTS, LLC, and LIVE NATION** ) | |
| **ENTERTAINMENT, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** upon the consent of the parties for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. See (Document No. 56). It is expected that Plaintiff will request in discovery certain information and documents pertaining to this litigation whose disclosure is governed by N.C.Gen.Stat. § 160A-168, § 132-1.4, and § 132-1.4A, including employee records and records of criminal investigations. Pursuant to the above listed statutes, certain information and documents are required to be maintained confidential by Defendant City of Charlotte but may be made available by order of a court. In order that the litigation of this matter may proceed, it is appropriate that, if requested, the information and documents governed by the above statutes be provided to Plaintiff and other parties to this litigation, subject to appropriate protections contained in this Order. The parties acknowledge and agree that the release of any law enforcement agency recordings as defined by N.C.G.S. § 132-1.4A may be obtained only by an authorized person or entity pursuant to a petition

filed with the North Carolina Superior Court in the county where any portion of the recording was made. Following the entry of an Order by an appropriate North Carolina Superior Court releasing any such law enforcement agency recordings, those recordings may then be produced under the terms and conditions of this Consent Protective Order by the receiving party. The parties stipulate and agree that they will cooperate in the filing of a joint petition for the release of relevant recordings pursuant to N.C.G.S. § 132-1.4A, and in the event there is a filing fee associated with the petition, the fee will be paid equally by the parties.

In addition to the above, the parties would like the Court to address the handling of other confidential information that may be exchanged by the parties through the discovery process during this litigation.

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential financial, commercial, personal or business information, which should be protected from unauthorized disclosure. Accordingly, confidential documents and information will be governed by the following terms, conditions, restrictions and procedures of this Consent Protective Order.

It is hereby ordered that any documents and information that otherwise would be withheld pursuant to N.C.Gen.Stat. § 160A-168, N.C.Gen.Stat. § 132-1.4, and N.C.Gen.Stat. § 132-1.4A shall be produced in accordance with this Consent Protective Order, and that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent

Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. A party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL"**, or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

   a. The Court;
   b. The parties and their counsel;
   c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;
   d. Consultants or experts retained or who may be retained for litigation purposes;
   e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes; and
   f. Court reporters employed for the purpose of taking depositions.

4. Any person other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff, who are provided with confidential information or shown confidential documents, shall execute the form attached as Exhibit A prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of Exhibit A to the non-disclosing party within fourteen (14) days of the execution of Exhibit A.

5. Counsel for the parties shall keep a record of all persons to whom disclosures are made and shall retain all disclosure forms signed by those persons.

6. All confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials, or destroyed, within sixty (60) days after final disposition of the matter, except that counsel of record for each party may retain one copy in accordance with that party's document destruction policies. However, any confidential documents and information so retained will continue to be treated as confidential and governed by this Order.

7. Documents and information designated as **CONFIDENTIAL** may be utilized in the taking of depositions taken in the course of litigation. Either during the course of the deposition, or within fifteen (15) days of receipt of the transcript of a deposition, the party who utilized confidential documents or information shall notify the other parties as to which pages or portions of the deposition transcript contain confidential information subject to the terms of this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated of their intent to file at least three days before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the

admissibility of the documents of information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation. If the parties cannot resolve the dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. The party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally

recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order does not apply to any documents or information which is deemed to be a "matter of public record" pursuant to N.C.Gen.Stat. §160A-168 or N.C.Gen.Stat. § 132-1.4.

16. This Order shall not prevent either party for applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

17. This Order may be modified only upon further order of this Court.

**SO ORDERED**.

Signed: February 24, 2021

David C. Keesler
United States Magistrate Judge

**BY CONSENT**:

/s/ Alesha S. Brown
N.C. State Bar Number: 53000
Attorney for Plaintiff
Hall & Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
Telephone: (704) 935-2656
Fax: (704) 626-2620
Email: abrown@halldixonlaw.com

/s/ Clarence Matherson, Jr.
N.C. State Bar Number: 43930
Attorney for City of Charlotte
Charlotte City Attorney's Office
600 East 4th Street
Charlotte, NC 28202
Telephone: (704) 432-5397
Fax: (704) 632-8160
Email: Clarence.matherson@charlottenc.gov

/s/ Stephanie H. Webster
N.C. State Bar Number: 12164
Attorney for Kia McKinney
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Fax: (704) 332-9994
Email: swebster@cshlaw.com

/s/ Kenneth Kyre, Jr.
N.C. State Bar Number: 7848
Attorney for DLS Events
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Fax: (336) 282-8409
Email: kkyre@pckb-law.com

/s/ Richard L. Pinto
N.C. State Bar Number: 9412
Attorney for DLS Events
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road

Greensboro, NC 27410
Telephone: (336) 282-8848
Fax: (336) 282-8409
Email: rpinto@pckb-law.com

/s/ Jason R. Benton
N.C. State Bar Number: 27710
Attorney for Live Nation Worldwide, Inc.
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 335-9509
Fax: (704) 335-9747
Email: jasonbenton@parkerpoe.com

/s/ La-Deidre D. Matthews
N.C. State Bar Number: 54358
Attorney for Live Nation Worldwide, Inc.
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 372-9000
Fax: (704) 334-4706
Email: ladeidrematthews@parkerpoe

8

Case 3:20-cv-00133-MOC-DCK   Document 57   Filed 02/24/21   Page 8 of 8